DAVID MORISON ET AL V. CLEVELAND (CITY).

**1. Speculative Possibilities not Damages for Street Appropriation.**
   Speculative possibilities are not an element of value of property appropriated.
**2. Opening of New Street Incident to Elimination of Grade Crossing.**
   The opening of a new street from a railroad depot to a street crossing at a higher level so relates itself as incident to the main object of eliminating a grade crossing, as to warrant the exercise by a municipality of its power of eminent domain in that behalf.
**3. Assumption of Sales at Prices Stated as Testing Competency of Witness Fixing Values not Permissible.**
   While it is not improper in an appropriation case upon cross-examination of a witness who has on direct examination given his opinion of the value of land sought to be appropriated to inquire of him concerning the sales of adjacent lands, for the purpose of testing his knowledge and competency, it is not ordinarily permissible to incorporate into such inquiries a statement or assumption that such sales at prices named have in fact occurred.
**4. Divesting City of Fee in Street Dedicated in Plat Requiring no Acceptance.**
   The dedication of a street by plat in 1837, required no acceptance, either express or implied, by the public authorities, to vest the fee of the street in the city for the use of the public for street purposes, and such title of the city can be divested only in the manner indicated in Sec. 4977 R. S. (Sec. 11219 G. C. et. seq.), or otherwise, as provided by statute.

*Smith, Taft & Arter,* for plaintiff in error.

*W. D. Wilkins* and *Patterson & Nieding,* for defendant in error.

## HENRY, J.

The action below was begun in the insolvency court by the

city of Cleveland to appropriate the lands and slope rights needed for the purpose of separating the grades of West Twenty-fifth street and the New York, C. & St. L. Ry. tracks, at their intersection in said city.

Some of the errors complained of merit only the briefest mention. Upon examination of the testimony concerning the value of the property taken, and the damage to the residue, we are convinced that the jury's award fails to disclose any such inadequacy as to indicate bias or prejudice on their part, or to warrant a reversal of their verdict as against the weight of the evidence. Nor is there any abuse of discretion or reversible error discoverable in the exclusion of the merely cumulative opinion evidence of F. C. Becker and others, as to values, and in the court's permitting John Beck and Myron B. Vorce to testify as experts on the same and other subjects. So also the court correctly charged that speculative possibilities are not an element of value of property appropriated.

The exclusion of leases offered, and other evidence of rental values and income, accords with the rule laid down in *Columbus, H. V. & T. Ry.* v. *Gardner,* 45 Ohio St. 324 [13 N. E. 69], *Powers* v. *Hazelton & L. Ry.* 33 Ohio St. 434.

The opening of a new street from the railroad depot near this crossing to West Twenty-fifth street, at its new and higher level so relates itself as incident to the main object of eliminating the grade crossing, as to warrant the exercise by the city of its power of eminent domain in that behalf. Access to the depot is desirable alike to the railway company and the public, and there is no reason why the new means of approach should necessarily be a private, rather than a public way.

The city's cross-examination of Morrison's expert witnesses concerning their knowledge of prices, named by the questioner as having been paid for other lots in the vicinity can not be justified in this state, where the rule is, that evidence of prices. in particular sales, is inadmissible in appropriation cases, upon the issue of property taken or damaged. *Cleveland Terminal & V. Ry.* v. *Gorsuch,* 28 O. C. C. 468 (8 N. S. 297), affirmed without report, 76 Ohio St. 609 [81 N. E. 1186]. The same rule, though by no means universally approved, obtains in Kansas,

Morrison v. Cleveland.

where two decisions illustrate, if they do not conclusively define, the proper limits of such cross-examination. *Kansas City & T. Ry.* v. *Vickroy*, 46 Kans. 248 [26 Pac. 698], *Chicago, K. & N. Ry.* v. *Stewart*, 47 Kans. 704 [28 Pac. 1017].

We hold that, while it is not improper upon cross-examination of a witness, who has, on direct examination, given his opinion of the value of land sought to be appropriated to inquire of him concerning the sales of adjacent lands, for the purpose of testing his knowledge and competency, it is not ordinarily permissible to incorporate into such inquiries a statement or assumption that such sales at prices named have in fact occurred. Besides being peculiarly liable to abuse through false assumptions, that form of cross-examination extremely prejudicial in that it suggests to the jury a line of information and a means of arriving at their award which the law denies to them, and to meet which the opposite party is permitted to produce no evidence. This prejudice is largely avoided, or neutralized, where the witness, under cross-examination, knows of the sales and prices asked for, and himself testifies thereto, so that the amounts paid are revealed, if at all, not by the question, but by the answer. If the witness neither knows nor assumes to give the facts as to such sales his ignorance thereof may, of course, be considered by the jury in weighing his opinion of the value of the property sought to be appropriated. But if the witness knows and testifies to the prices obtained at other sales, and the correctness of his opinion of the value of the property sought to be appropriated is thereupon, and for that reason, directly questioned by the cross-examiner, no doubt the witness may reconcile his opinion with his knowledge as best he may. Thus the jury is prevented from being unfairly misled by covert intimations of sales and prices concerning which no evidence is admissible, while the amplest latitude of cross-examination is allowed to test the knowledge and competency of expert witnesses as to values testified to in chief by them.

The principles thus expounded were repeatedly and fragrantly violated in the trial of the case below, and for error in this regard, the judgment must be reversed.

It is claimed the trial court erred also in charging the jury

that the burden was on Morrison to show his title to that part of Pond street which he occupies, by proof of compliance with or the happening of all the statutory conditions of Sec. 4977 R. S. (Secs. 11219 G. C. et seq.) The contention is that *prima facie* proof of Morrison's ownership, either by occupancy or chain of title, is not overcome by evidence of the record of a plat, made by the owner of that and surrounding property, showing the street in question, with no further evidence, either that such dedication of the street was expressly accepted by the city, or that there was a public use from which such acceptance may be implied. We were at first strongly inclined to this view, but an examination of the case of *Wisby* v. *Bonte,* 19 Ohio St. 238, leads us to conclude that in 1837, when the plat in this case was made and recorded, the statutory dedication of Pond street, which was thereby effected, required no acceptance either express or implied, by the public authorities to vest the fee in the city, and the use for street purposes in the public. It follows that they can be divested only in the manner indicated by Sec. 4977 R. S. or otherwise as provided by statute. There is here no pretense of a common law dedication. Being statutory, it is irrevocable except as above pointed out.

For error in allowing the city's counsel, on cross-examination of Morrison's experts, to put questions containing assumptions of sales of other property at prices named, the judgment is reversed and the cause remanded.

MARVIN and WINCH, JJ., concur.